```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

ROBERT SPIEGEL,                 )
                                )
         Plaintiff,             )
                                )
         v.                     )    C.A. No. 16-12654-PBS
                                )
THE COMMONWEALTH OF             )
MASSACHUSETTS, et al.,          )
                                )
         Defendants.            )
                                )

## MEMORANDUM AND ORDER

Saris, C.J.

For the reasons set forth below, the Court dismisses this action in its entirety.

### I. Background

On December 30, 2016, pro se litigant Robert Spiegel filed a civil complaint in which he alleges that state court judges and employees violated his federal rights in the course of his divorce proceedings in the Norfolk Probate and Family Court. He names as defendants the Commonwealth of Massachusetts, Norfolk Probate and Family Court, four justices of that court, and three court employees. In an order dated January 11, 2017 (Docket Entry #6), the Court directed Spiegel to show cause why his complaint should not be dismissed based on judicial immunity, the state's immunity under the Eleventh Amendment, and the Court's inability to award injunctive relief against a state judicial officer under the alleged facts of this case. See 42 U.S.C. § 1983.

On May 17, 2017, Spiegel filed a show cause response (Docket

Entry #15), which consists of a four-page single-spaced memorandum to the Court. He included exhibits concerning his medical condition, copies of state court orders, and copies of photographs of electronic devices and storage items that purportedly relate to his divorce proceedings.[1]

In his show cause memorandum, Spiegel discusses at length the emotional, physical, and financial injuries he and his family have allegedly suffered as a result of the state court divorce proceedings. He argues that a great injustice would occur to him and his children should the defendants be able to avoid liability for their alleged corruption, callousness, and cruelty.

## II. Discussion

Spiegel's show cause response is insufficient to overcome the legal impediments to Spiegel's action that Court identified in its January 11, 2017 memorandum and order. In his response, Spiegel argues against the fairness of applying immunity doctrines to his claims in light of the grievousness of the defendants' alleged actions and the resulting injuries to him.

Such contentions are irrelevant to the Court's consideration as to whether the relevant immunity doctrines are applicable to Spiegel's claims. As the Court has already explained, judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly." Pierson v. Ray, 386 U.S.

---

[1]Spiegel also submitted a copy of a photograph of a man and women and three girls. The Court assumes the photograph is of Spiegel, his former spouse, and their three children.

547, 554 (1967). Thus, whether judicial immunity bars a claim for damages against a judicial officer does not depend on whether application of the doctrine would work an unfairness, however great, on the plaintiff. The relevant inquiry is limited to whether the alleged misconduct occurred outside of the judge's judicial capacity, see Mireles v. Waco, 502 U.S. 11-12 (1991), or if it was taken in the "clear absence of all jurisdiction," Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 351 (13 Wall.) (1872)). Because nothing in Spiegel's complaint or show cause response suggests that the alleged misconduct of the defendant judicial officers was not judicial in nature or was taken in "clear absence of all jurisdiction," the plaintiff's claims for damages against the judicial officers are barred by the doctrine of judicial immunity.[2]

Similarly, application of the Eleventh Amendment immunity to the claims against the Commonwealth of Massachusetts does not turn on the specific facts of an individual case but rather on

---

[2]This immunity likewise extends to defendants McDermott, Gamberoni, and Wright, who were allegedly acting in conjunction with or at the behest of judicial officers. See, e.g., Severin v. Parish of Jefferson, 357 Fed. Appx. 601, 605 (5th Cir. 2009) (per curiam) ("A court employee who acts under the explicit instructions of a judge 'acts as the arm of the judge and comes within his absolute immunity,' even if the employee acts 'in bad faith or with malice.'" (quoting Williams v. Wood, 612 F.2d 982, 985 (5th Cir.1980) (per curiam))); Rodriguez v. Weprin, 116 F.3d 62, 66-67 (2d Cir. 1997) (court clerks who, at the direction of the judges, refused plaintiff's document request, were entitled to absolute immunity); Bush v. Rauch, 38 F.3d 842, 847-48 (6th Cir. 1994) (person who acts as the judge's designee, and who carries out a function for which the judge is immune, is also protected by judicial immunity).

3

the legal question of whether the claim asserted against the state is one for which the state has waived its Eleventh Amendment immunity or the United States Congress has abrogated it.  In this action, Eleventh Amendment immunity applies to all of Spiegel's claims against the Commonwealth.

Finally, nothing in the show cause response changes the Court's determination that, pursuant to 42 U.S.C. § 1983, the Court cannot order injunctive relief against the judicial officers named as defendants in this action.

**III. Conclusion**

Accordingly, for the reasons stated above and in the Court's memorandum and order of January 11, 2017, the Court orders that this case be DISMISSED for failure to state a claim upon which relief may be granted.

SO ORDERED.

 5/22/17                             /s/ Patti B. Saris          
DATE                                PATTI B. SARIS
                                    CHIEF, U.S. DISTRICT JUDGE